CLEVELAND J. MARCEL, SR., Judge Pro Tem.
This is an appeal from a judgment maintaining an exception of prescription.
Melvin Doughty purchased a new automobile from Faucheaux Chevrolet, Inc. on May 30, 1967. On August 6, 1968 he was killed in an accident in that automobile, which was completely demolished.
In July of 1972 plaintiffs (Doughty’s parents, brothers and sisters) received a “campaign” letter from General Motors Corporation, notifying that a possible safety hazard existed in 1967 Chevrolets, which under certain circumstances and on rapid acceleration from low speeds could cause temporary loss of control of the vehicle.
Theorizing that Doughty’s vehicle had contained such a defect and that the defect had caused his accident, plaintiffs instituted this suit against Faucheaux and General Motors, seeking return of the purchase price of the car and recovery of funeral expenses and of damages for loss of support, companionship, love and affection. Both defendants filed exceptions of prescription, which were maintained.
The issue is: What is the nature of the suit, one in tort or one in redhibition ?
C.C. art. 2315 grants a cause of action for recovery of the asserted damages in favor of certain beneficiaries of a tort victim against the person “by whose fault it *203 (the damages) happened.” However, that cause of action prescribes in one year from the date the damage was sustained. C.C. arts. 3536, 3537.
Plaintiffs attempt to get around the prescription period for quasi-offenses by characterizing this suit as one in redhibition. We cannot agree.
Redhibition postulates the existence of a contract, and of necessity it is encum-bent upon the plaintiff in the suit to establish privity of contract.
There is no privity of contract between or among the pl'aintiffs and the defendants, as the plaintiffs did not purchase the automobile alleged to have caused the death of Melvin B. Doughty. They are the ascendants and collateral heirs of the deceased purchaser.
We believe that the Supreme Court in Cartwright v. Chrysler Corp. et al., 255 La. 598, 232 So.2d 285 (1970), is dispositive of this case.
“While there are numerous appellate court decisions providing ‘A manufacturer or seller of a product which involves a risk or injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part sustains an injury caused by a defect in the design or manufacture of the article, if the injury might have been reasonably anticipated,’ the fact remains that such action is one in tort and not in contract. There existing no privity of contract between the plaintiff and defendants in this suit, the mere allegations of breach of warranty is not enough to change the character of the action into one arising out of contract and bring it within the ten year prescriptive period.”
(Italics ours.)
The judgment is affirmed.
Affirmed.
LEMMON, J., concurs and assigns reasons.